111 A.3d 1112

IN THE MATTER OF JOSEPH J. LOWENSTEIN, AN ATTORNEY AT LAW (ATTORNEY NO. 013281985).

April 23, 2015.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 14–223, concluding that **JOSEPH J. LOWEN-STEIN**, formerly of **PATERSON**, who was admitted to the bar of this State in 1985, should be suspended from the practice of law for a period of three months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), and *RPC* 1.4(b) (failure to keep a client reasonably informed about the status of the matter);

And the Disciplinary Review Board having further concluded that the term of suspension should be served consecutive to the three-month term of suspension ordered by the Court on October 18, 2012 (D–166–11), effective January 24, 2010, and that prior to reinstatement to practice, respondent should submit proof of his

fitness to practice, law; and that after reinstatement, respondent should be supervised in his practice for a period of two years;

And good cause appearing;

It is ORDERED that **JOSEPH J. LOWENSTEIN** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective April 25, 2010; and it is further

ORDERED that prior to his reinstatement to the of practice law, respondent shall submit proof of his fitness to practice as attested to by a mental health professional approved by the Office of Attorney Ethics, and after reinstatement, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.